IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gary M. Sederbaum, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:14-1777 |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 8, 2015, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No. 26). In his petition, the plaintiff sought an award of $7,669.98, to which the Commissioner filed a response objecting to the amount. (ECF No. 29). Plaintiff filed a reply in support of his motion. (ECF No. 30).

On August 26, 2015, the court issued an order whereby a ruling was deferred on Plaintiff's motion, and the parties were directed to attempt to resolve this dispute. (ECF No. 32). On September 2, 2015, a stipulation was filed stating that the parties, through counsel, agreed to an award of $6,000.00. (ECF No. 34). The Commissioner also filed a status report reflecting the agreement.

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Thus, the plaintiff here was a prevailing party. (*See* ECF No. 46 (order remanding case pursuant to sentence four)).

district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. N.C. Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

The parties have entered into a stipulation allowing for the payment of attorney's fees in the amount of $6,000.00. (ECF No. 34 at 1). Despite the fact that the parties have executed a stipulation allowing for the payment of attorney's fees, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds the stipulated fee request is appropriate. Accordingly, the court orders that Plaintiff be awarded $6,000.00.[2]

---

[2] The court notes that the fees must be paid to the plaintiff, not her attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir.

**IT IS SO ORDERED**.

s/Timothy M. Cain  
United States District Judge

September 8, 2015  
Anderson, South Carolina

---

2009) (same).